Méndez, Recurrente, *v.* El Registrador de Caguas, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una escritura de cancelación.

No. 571.—Resuelto en junio 18, 1923.

Cancelación de Hipoteca—Inscripción.—Otorgada escritura de cancelación de una hipoteca por haber cumplido el deudor las obligaciones garantizadas por ésta, el registrador denegó la inscripción porque antes de cancelar, el hipotecario otorgó escritura de posposición comprometiéndose a no cancelar o ejecutar el gravamen ínterin el deudor pagara ciertas deudas contraídas con otros acreedores. *Se resolvió:* que desaparecida la obligación garantizada hipotecariamente, la posposición no impide la cancelación, porque lo que no existe no es susceptible de ser pospuesto.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. A. Mena.*

El registrador recurrido no compareció.

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

Presentada al Registro de la Propiedad de Caguas cierta escritura de cancelación, el registrador denegó inscripción fundándose en la siguiente nota:

"Denegada la inscripción de cancelación a que se refiere el precedente documento que es la escritura número 92 otorgada en Caguas el 15 de marzo de 1923 ante el Notario Andrés Mena Latorre, por observar que según el registro, y en virtud de la escritura No. 104 otorgada en Caguas el 13 de noviembre de 1918 ante el Notario Carlos B. Buitrago, la hipoteca que se cancela por dicha escritura No. 92, fué pospuesta por el mismo acreedor Francisco Méndez Jiménez y su esposa María Cano, obligándose a no cancelar ni ejecutar dicho crédito hipotecario hasta que se cumplieran por el deudor José B. Méndez Jiménez otras obligaciones de pagos a diversas personas, no constando del Registro que dichas obligaciones hayan sido cumplidas;"

Aparece de la escritura de cancelación que la hipoteca que se trata de cancelar se constituyó por el deudor para garantizar al acreedor hipotecario de dos obligaciones que dicho acreedor suscribió con el deudor con carácter solidario, a saber: una por $700 a la orden de Magín Argüelles y la otra por $2,225 a la orden de Pedro Orcasitas. Claramente resulta el carácter condicional de la hipoteca y su efectividad dependía de que vencieran aquellas obligaciones personales y el deudor no hiciera el pago; pero si por el contrario se realizaba dicho pago, *ipso facto* quedaba sin efecto la hipoteca. Siendo estos los términos de la hipoteca y confesando el acreedor hipotecario que las dos obligaciones fueron pagadas por el deudor, sin que tuviera que satisfacer cantidad alguna y que, por tanto, quería y consentía que se cancele totalmente la hipoteca, la consecuencia era que la hipoteca quedaba extinguida y que surtiera todos sus efectos legales, incluso su inscripción en el registro. Todo esto parece sencillo, pero el registrador, quien no ha presentado

alegato en apoyo de su nota, funda su negativa en que por virtud de otra escritura número 104, otorgada en Caguas en 13 de noviembre de 1918, la hipoteca fué pospuesta por el acreedor hipotecario, obligándose a no cancelar ni ejecutar dicha hipoteca hasta que se cumplieran por el deudor otras obligaciones de pago a diversas personas.

No aparecía, sin embargo, del récord la escritura número 104 citada, pero en virtud de nuestra orden para mejor proveer tenemos a la vista la certificación literal del asiento que causó en el registro dicha escritura y de ella resulta, realmente, que el acreedor hipotecario Francisco Méndez Jiménez se obligó a no cancelar ni ejecutar su hipoteca, originalmente sujeta a una condición suspensiva, dependiente de obligaciones distintas a las consignadas en la escritura número 104; pero asimismo se desprende de esta última escritura que fué el propósito de su otorgamiento que el acreedor hipotecario pospusiera la ejecución de su hipoteca, dependiendo su efectividad de que el deudor José B. Méndez Jiménez no pagara las dos obligaciones mencionadas en la escritura de hipoteca.

Claro es que posponiéndose la hipoteca a otros créditos personales que relata la escritura número 104, o a no ejecutarla dicho acreedor mientras no fueran satisfechos por el deudor José B. Méndez, esto equivalía a convenir que dichas obligaciones personales se hacían preferentes en su cobro a la hipoteca, pero desapareciendo la causa de dicha hipoteca, o sea, manifestando el acreedor hipotecario en la escritura de cancelación que José B. Méndez y Jiménez ha satisfecho totalmente las dos obligaciones que garantizaba el acreedor hipotecario como su fiador solidario, siendo ésta la razón de la hipoteca, no vemos el motivo en que pueda haberse fundado el registrador, cuando a la desaparición de la causa tiene que seguir la de sus efectos.

Por otra parte, no perdiendo de vista la razón que tuvo

el acreedor hipotecario para posponer la. hipoteca dando y consintiendo la preferencia a otros créditos personales, la cancelación quitaba, en último término, toda contingencia a tal preferencia, quedando expedita con mayor razón la vía para el cobro de las obligaciones personales de que habla la escritura número 104, *supra,* y cumplido su propósito. Además, el hecho de que el acreedor hipotecario Francisco Méndez Jiménez se obligara a posponer su crédito eventual a las demás obligaciones personales del deudor, estipulando no cancelar ni ejecutar, no podía entenderse en el sentido de darle más extensión a la obligación de cancelar sino como una consecuencia a la prohibición de ejecutar y no de otro modo, pues es sabido que toda ejecución de un crédito hipotecario lleva consigo la cancelación del mismo.

Por las razones expuestas la nota debe revocarse.

> *Revocada la nota recurrida y ordenada la inscripción.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.